PEOPLE v. HAGGERTY

1. CRIMINAL LAW—GROSS INDECENCY—INFORMATION—VAGUENESS.
   Information charging the crime of gross indecency was not, by the use of only those words to indicate the crime charged, so vague as to constitute insufficient notice (MCLA § 750.338).

2. INDICTMENT AND INFORMATION—TIMELY OBJECTION—WAIVER.
   Failure to timely object to an alleged error in the information constitutes a waiver of the defect (MCLA § 767.76).

3. CRIMINAL LAW — SENTENCES — STATUTORY LIMITS — APPEAL AND ERROR.
   An appellate court will not interefere with a sentence when it is within the statutory limits as prescribed by the legislature.

4. COURTS—INTERMEDIATE APPELLATE COURT—POWERS—PRECEDENT.
   The intermediate appellate court in cases of first impression may properly address itself to the constitutionality of statutes, including constitutional infirmity for lack of specificity in the description of an offense; however, where the highest court has spoken, the intermediate court is not free to disregard its precedent.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 August 11, 1970, at Detroit. (Docket No. 8,233.) Decided October 29, 1970.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 41 Am Jur 2d, Indictments and Informations § 87.
[2] 41 Am Jur 2d, Indictments and Informations §§ 278, 291.
[3] 21 Am Jur 2d, Criminal Law §§ 533–546.

Robert Haggerty was convicted of committing an act of gross indecency. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William J. Hayes,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J.   On December 27, 1968, an information was filed charging defendant with committing an act of gross indecency, MCLA § 750.338 (Stat Ann 1954 Rev § 28.570).  Upon jury trial, defendant was found guilty and was sentenced.

On appeal defendant contends that the information under which he was charged was too vague to constitute sufficient notice and that confinement in a state prison for a homosexual offense is cruel and unusual punishment.  This issue as to the sufficiency of the information was raised in *People* v. *Dexter* (1967), 6 Mich App 247, in which this Court held that this section was not vague.  *Dexter* and its precedent Supreme Court authority is dispositive of this issue here.

Furthermore, defendant made no timely objection below to the information and such failure waives any alleged error.  MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016).

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

As for defendant's second contention, this Court will not interfere with a trial court's sentence when that sentence is within the statutory limits as prescribed by the legislature. *People* v. *Cunningham* (1970), 21 Mich App 381.

We deem it advisable to comment upon the brief-presented argument by defendant that the rule in *Dexter, supra,* which rests upon the earlier holding in *People* v. *Hicks* (1893), 98 Mich 86, is outdated.

The thrust of the argument is that the "puritanical notion" that "the indelicacy of the subject" forbids specific description of the acts constituting gross indecency has been vitiated by a more enlightened view of homosexuality, particularly as to relations between consenting adults. He argues further that terms which at the time of the *Hicks* decision (1893) were offensive to "community standards" are now in fact accepted terminology in the general community vocabulary.

We cannot deny that what in by-gone years was mentioned in hushed tones or communicated in vague euphemisms is now openly discussed. Conduct that was once described as "an abominable and detestable crime against nature" has become the subject of extensive medical, psychiatric, and sociological research. Homosexuality has become the subject matter of serious and learned articles in scholarly publications. There may very well be sound reasons for a total re-examination of the whole concept of its criminality.

Whatever our personal views may or may not be, our judicial function as an intermediate appellate court is limited. In a case of first impression we may properly address ourselves to the constitutionality of statutes, and this includes constitutional infirmity for lack of specificity in the description of an offense. Where the Supreme Court has spoken,

as here, we are not free to disregard its precedent. Distinguish we can, overrule we cannot. We cannot distinguish the prior holdings nor can we overrule them in the case at bar.

Defendant's argument must be directed to the legislature or the court of ultimate jurisdiction. Within our scope of review we must of necessity affirm.

All concurred.