PEOPLE v McLENDON

1. EMBEZZLEMENT—DUE PROCESS—EVIDENCE—STATUTE.

Right to due process of law, guaranteed by the State and Federal Constitutions, was not violated where a defendant was required to defend against alleged acts of embezzlement which occurred approximately one month subsequent to the date of the offense specified in the information, because a state statute specifically allows the prosecution to prove this charge with evidence of embezzlement occurring within six months after the date of the offense alleged in the information and, further, the defalcations upon which the prosecution intended to rely were brought out in the preliminary examination and a transcript of these proceedings was made available well before the date of trial (MCLA 767.60).

2. CRIMINAL LAW—EMBEZZLEMENT—EVIDENCE—PRESERVING QUESTION.

A defendant's contention that evidence of an act of embezzlement occurring prior to the date of the offense specified in the information was impermissibly introduced is without merit where no objection was raised below and where a complete reading of the trial transcript reveals that the prosecution's witness misstated the date.

3. EMBEZZLEMENT—CONTINUANCE—FAILURE TO REQUEST—APPEAL AND ERROR.

Failure to grant a defendant's request for a continuance in order to prepare a defense in a prosecution for embezzlement was not reversible error where the record fails to disclose any request for a continuance on the part of the defendant; it is axiomatic that error cannot be predicated on failing to grant that which was not requested.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 26 Am Jur 2d, Embezzlement §§ 48–56.

[3] 26 Am Jur 2d, Embezzlement § 57.

[4] 53 Am Jur, Trial §§ 505, 506.

[5] 53 Am Jur, Trial §§ 453–504.

[6] 53 Am Jur, Trial § 488.

4. Criminal Law—Arguments of Prosecutor—Objections—Curative Instructions.

A criminal defendant's failure to object to allegedly improper remarks made by the prosecutor during closing argument generally precludes appellate review unless it can be said that an objection and the appropriate curative instruction could not have eliminated the prejudice arising from the prosecutor's statement.

5. Criminal Law—Arguments of Prosecutor—Prejudice.

Improper closing remarks by a prosecutor do not constitute reversible error if made in response to matters previously raised by defense counsel; therefore, in a prosecution for embezzlement a prosecutor's statement in rebuttal to the closing argument of defendant's counsel to the effect that under some circumstances a criminal prosecution for embezzlement aids the complainant in retrieving his money was not reversible error where the statement was not interjected into the prosecution's closing argument solely as an attempt to gain sympathy for the complaining witness and thus aid the prosecutor's case, but, rather was the culmination of a series of questions and comments, initiated by the defense, which directly and indirectly focused on the question of whether the complaining witness was using the criminal process to gain the return of his money.

6. Criminal Law—Arguments of Prosecutor—Prior Convictions —Credibility—Instructions to Jury.

A prosecutor's exhortation to the jury in his closing argument to consider the defendant's prior conviction of uttering and publishing was not reversible error where the defendant's prior convictions were originally brought out by the defendant's counsel, where the prosecution's remarks properly informed the jury of the permissible use of evidence of prior convictions, where the cautionary effect of his statement was reinforced by the judge's instruction to the jury that evidence of prior convictions is to be considered only in determining credibility, and where the defendant raised no objection to the statement at trial.

Appeal from Recorder's Court of Detroit, Gordon W. Britten, J. Submitted Division 1 November 14, 1973, at Detroit. (Docket No. 14564.) Decided March 1, 1974.

Joseph McLendon was convicted of embezzlement. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *James M. Wouczyna,* Assistant Prosecuting Attorney, for the people.

*Michael C. Moran,* Assistant State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

V. J. BRENNAN, P. J. Defendant, Joseph McLendon, was convicted by a jury in the Recorder's Court of the City of Detroit of embezzlement by an agent of an amount exceeding $100 contrary to MCLA 750.174; MSA 28.371. Defendant now brings this appeal urging several grounds for reversal of his conviction.

Defendant first argues that he was deprived of due process of law in violation of the Michigan and Federal constitutions[1] when he was required to defend against alleged acts of embezzlement which occurred approximately one month subsequent to the date of offense specified in the information. This contention is without merit. MCLA 767.60; MSA 28.1000 specifically allows the prosecution to prove this charge with evidence of embezzlements occurring within six months after the date of offense alleged in the information. Further, the defalcations upon which the prosecution in-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Const 1963, art 1, § 17; US Const, Am XIV.

tended to rely were brought out at the preliminary examination and a transcript of those proceedings was made available well before the date of trial. Upon these facts we find no denial of due process to defendant arising from the application of the above statute and find ourselves unable to declare the statute, as a whole, unconstitutional. *People v Hanaw,* 107 Mich 337; 65 NW 231 (1895).

Despite the fact that no objection was raised below, defendant now argues that evidence of an act of embezzlement occurring prior to the date of offense specified in the information was impermissibly introduced at trial. On direct examination one of the prosecution's witnesses identified a rental receipt she received from defendant and stated that it was dated March 23, 1971. A complete reading of the trial transcript reveals, however, that this was a misstatement on the part of the witness. It is clear from later testimony of this and other witnesses, including testimony of defendant, that the receipt referred to by this witness was one dated in August. Therefore, we find no merit to defendant's contention in this regard.

Defendant next contends that the trial judge clearly abused his discretion when he failed to grant defendant's request for a continuance in order to prepare a defense to the acts of embezzlement which allegedly occurred in August and to submit a brief on the application of MCLA 767.60; MSA 28.1000 to the facts of this case. Our review of the record in the case at bar fails to disclose any request for a continuance on the part of defendant. It is axiomatic that error cannot be predicated on failing to grant that which was not requested. *See People v Padula,* 34 Mich App 302; 191 NW2d 73 (1971), *leave den* 385 Mich 782 (1971); *People v Lakin,* 30 Mich App 441; 186 NW2d 867 (1971). It

is also clear from the record that, contrary to defendant's contention, he was not taken by surprise in having to defend against these acts. In addition to the fact that the acts relied on by the prosecution were brought out during the preliminary examination, the fact that the defendant attempted to establish that the money received on these later dates was actually stolen from his apartment tends to belie any claim of surprise.

Defendant next claims that he was denied a fair trial because certain statements made by the prosecutor during closing argument were not supported by the evidence presented at trial and because of the prejudicial nature of certain other remarks. The prosecution contends that defendant's failure to object to the remarks at trial precludes our review of plaintiff's claim of error on this appeal.

The general rule in Michigan is that a defendant's failure to object to allegedly improper remarks made by the prosecutor during closing argument precludes appellate review unless it can be said that an objection and the appropriate curative instruction could not have eliminated the prejudice arising from the prosecutor's statements. *People v Tarpley,* 41 Mich App 227; 199 NW2d 839 (1972); *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970). We must, therefore, examine the complained of statements to determine whether they were so prejudicial that their effect on the jurors' minds could not have been cured by a cautionary instruction from the trial judge.

The first remark to which our attention has been directed was to the effect that under some circumstances a criminal prosecution for embezzlement aids the complainant in retrieving his money. This statement was not interjected into the

prosecution's closing argument solely as an attempt to gain sympathy for the complaining witness and thus aid the prosecution's case, but, rather, was the culmination of a series of questions and comments, initiated by the defense, which directly and indirectly focused on the question of whether the complaining witness was using the criminal process to gain the return of his money. The statement referred to above was made by the prosecutor in rebuttal to the closing argument of defendant's counsel in which the jury was told that the complaining witness filed his complaint not to see "justice" done but to get his money back and that the proper place to secure that result was in civil court. While we do not condone the argument of such obviously extraneous issues in a criminal proceeding, we cannot say that reversible error was here committed. Improper closing remarks by a prosecutor do not constitute reversible error if made in response to matters previously raised by defense counsel. *People v Dersa,* 42 Mich App 522; 202 NW2d 334 (1972), *leave den* 388 Mich 803 (1972); *People v Green,* 34 Mich App 149; 190 NW2d 686 (1971), *leave den* 386 Mich 769 (1971). Furthermore, an objection and curative instruction could have cured the remark.

Defendant also contends that the prosecutor committed reversible error during his closing argument by exhorting the jury to consider defendant's prior conviction of uttering and publishing as substantive evidence of his likelihood to have committed the present offense. We find no merit to this contention. Defendant's prior convictions were initially brought out by his own counsel on direct examination and were then referred to by the prosecutor during closing argument in the following terms:

"I think, basically, those are the facts, ladies and gentlemen. I think the crux will hinge upon your determination of credibility of the witnesses and the intent of the defendant. Or the conversion by the defendant to his own use of the money, either before a theft, or, in fact, no theft. In determining the credibility of each and every witness, each of the young ladies that were on there, Mr. Steeples that was on the stand, and the defendant, you may consider, and the defense counsel, I believe, asked Mr. Steeples and the young ladies if they had a criminal conviction, and they told you no. You may consider criminal convictions only in determining the credibility or the believeability of an individual.

"Nevertheless, the impact of a criminal record was brought out by me. Defense counsel asked the defendant and he admitted a number of times uttering and publishing, robbery, manslaughter, something of that nature. *Uttering and publishing has something to do, in layman's language,* with signing and cashing checks.

*"In any event another thing you can consider in determining probability* is the interest and the outcome of the case that the witness would have." (Emphasis added)

Defendant claims that the error complained of is contained in the emphasized portion of the above excerpt. We disagree. As can readily be seen, the prosecutor properly informed the jury of the permissible use of evidence of prior convictions and the cautionary effect of his statement was reinforced by the trial judge's instruction to the jury that evidence of prior convictions is only to be considered in determining credibility. In addition, defendant raised no objection to the statement at trial. Under these circumstances we find ourselves unable to say that reversible error was here committed.

We have examined the remaining statements of the prosecutor which are sought to be reviewed on this appeal and find that the issue of their appro-

priateness is not properly before us. Any error appearing in those statements clearly could have been rectified if an objection had been raised and a curative instruction requested. *People v Bennett,* 46 Mich App 598; 208 NW2d 624 (1973); *People v Coffman,* 45 Mich App 480; 206 NW2d 795 (1973). Defendant's failure to object, therefore, precludes our consideration of these statements on appeal.

Affirmed.

All concurred.