PEOPLE v HERNANDEZ

OPINION OF THE COURT

1. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—SEXUAL ACT—SEX-
   UAL CONTACT—STATUTES.

   The term "sexual act" as used in the criminal jury instructions
   pertaining to criminal sexual conduct in the first degree is
   distinguishable from the term "sexual contact" as used in the
   criminal sexual conduct statute (MCLA 750.520a *et seq.;* MSA
   28.788[1] *et seq.).*

2. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—ELEMENTS—INSTRUC-
   TIONS TO JURY—STATUTES.

   The statute on first-degree criminal sexual conduct does not
   require that an act must have as its purpose the arousing,
   stimulating, or gratifying of sexual emotions or that it must
   have been done with some other sexually improper intent or
   purpose and a jury instruction which adds this requirement
   adds an element to the crime which is not expressly contained
   in the statute (MCLA 750.520b[1]; MSA 28.788[2] [1]).

3. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—ELEMENTS—INSTRUC-
   TIONS TO JURY—EVIDENCE.

   A defendant is not prejudiced by a jury instruction which adds
   another element to a criminal sexual conduct crime where
   there is sufficient evidence to prove the element added by the
   instruction.

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 6, 9] 75 Am Jur 2d, Trial §§ 712–716, 718.

[2] 73 Am Jur 2d, Statutes §§ 274–276.

[3] 30 Am Jur 2d, Evidence § 1124.

[4] 41 Am Jur 2d, Indictments and Informations § 278.

[5, 6] 41 Am Jur 2d, Indictments and Informations §§ 69, 86–91.

[7] 75 Am Jur 2d, Trial § 260.

[8] 75 Am Jur 2d, Trial §§ 262, 263.

   Propriety and effect of prosecuting attorney's argument to jury
   indicating his belief or knowledge as to guilt of accused. 50
   ALR2d 766.

Concurrence by J. H. Gillis, J.

4. Indictment and Information—Timely Objection—Appeal and Error.

A criminal information may not be challenged for the first time on appeal.

5. Indictment and Information—Criminal Sexual Conduct—Defective Informations—Sexual Penetration.

An information which stated that the touching of genital parts would constitute first-degree criminal sexual conduct was defective because sexual penetration is necessary in order to sustain such a charge.

6. Indictment and Information—Defective Informations—Trial—Jury—Instructions to Jury.

A jury was not misled by the reading of a defective information where the trial court indicated that the information contained only the charges brought by the prosecution and where specific definitions of the applicable law were given to the jury and repeated upon request during the jury's deliberations and the jury was instructed to follow the law as given in the instructions.

7. Criminal Law—Prosecutor's Remarks—Closing Arguments—Relationship to Evidence.

A prosecutor's remarks which are based upon the testimony and evidence presented at trial are clearly permissible in closing arguments.

8. Criminal Law—Arguments of Prosecutor—Failure to Object—Curative Instructions—Appeal and Error.

Failure to object to a prosecutor's closing arguments at trial is a bar to appellate review unless the prejudicial effect of the prosecutor's comments was so great that it could not have been cured by a timely objection and cautionary instruction.

9. Criminal Law—Criminal Sexual Conduct—Definitions—Instructions to Jury—Criminal Jury Instructions—Statutes.

The definition in the criminal jury instructions of the term "sexual act" and the statutory definition of "sexual contact", while similar in some respects, are separate and distinct propositions, but jury instructions containing these definitions are readily comprehensible if properly given; the definition of sexual act should be given where there is a question about the sexual nature of an act and there is a question of the sexual

nature of an act where sexual penetration is alleged to have
occurred with a finger (MCLA 750.520a[g]; MSA 28.788[1][g]).

Appeal from Oakland, Steven N. Andrews, J. Submitted October 6, 1977, at Lansing. (Docket No. 29591.) Decided January 4, 1978.

Andrew Hernandez was convicted of first-degree criminal sexual conduct. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Appellate Counsel, for the people.

*Mintz & McDonough,* for defendant.

Before: D. C. RILEY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

J. H. GILLIS, J. Defendant was convicted by a jury of first-degree criminal sexual conduct, contrary to MCLA 750.520b(1); MSA 28.788(2)(1). He was subsequently sentenced to 3-1/2 to 20 years in prison. Defendant appeals as of right.

The charges against the defendant stem from an incident which took place in the late evening hours on December 16, 1975, in the City of Ferndale.

The complaining witness, while walking to a friend's apartment, was approached by a knife-wielding assailant who pushed her to the ground. The assailant molested and sexually assaulted the complaining witness before being chased from the scene by the screams of an area resident. Defendant was later arrested and tried for the offense.

Defendant first contends that the trial court

erred in reading the information to the jury, inasmuch as the information was defective in alleging facts insufficient to constitute the charge of first-degree criminal sexual conduct, MCLA 750.520b(1); MSA 28.788(2)(1). Therefore, the information misled the jury as to elements of the offense charged therein.

The record reveals that the defendant did not object to the text of the information at trial. It is well established that an information may not be challenged for the first time on appeal.[1]

Defendant, while cognizant of MCLA 769.26; MSA 28.1096, alleges that the defective information misled the jury from the very outset of the trial, constituting gross error and resulting in a miscarriage of justice as evidenced by defendant's subsequent conviction. Hence, no objection need be made at trial in order to preserve the issue for appeal.

The pertinent portion of the information as read to the jury states:

"That Andrew Hernandez * * * did, with another person, to-wit: Madelyn K. Wayne, engage in sexual penetration, to-wit: touching of complainant's primary genital area under the following existent circumstances, to-wit: defendant was armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon."

Defendant was tried for violation of MCLA 750.520b(1) which states:

"A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration

---

[1] MCLA 767.76; MSA 28.1016. *People v Haggerty*, 27 Mich App 594, 596; 183 NW2d 862 (1970), *People v Walsh*, 27 Mich App 100, 104; 183 NW2d 360 (1970).

with another person and if any the following circumstances exist:

* * *

"(e) The actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon."

It is quite clear that the information was defective in stating that the touching of the genital parts would constitute first-degree criminal sexual conduct. "Sexual penetration" is necessary in order to sustain such a charge.

However, no miscarriage of justice resulted from the defective information. The trial court, in reading the information to the jury, expressly indicated that the information contained only the charges brought by the prosecution. Specific definitions of the law applicable to the case were given to the jury by the trial court in the jury instructions. Moreover, pursuant to the jury's request, the court repeated these same thorough instructions during the jury deliberations. The trial court also instructed the jury to follow the law as given in the jury instructions.

Based upon this record, we fail to see how the jury was misled and find no reversible error on this issue.

Defendant next contends that the prosecutor's closing arguments went beyond the realm of the evidence presented at trial, and included statements of the prosecutor's own belief as to defendant's guilt and credibility, thus denying defendant a fair trial. We disagree.

A careful review of the record indicates that the prosecutor's remarks were based upon the testimony and evidence presented at trial. Such statements are clearly permissible in the prosecutor's

closing arguments. In *People v Cowell,* 44 Mich App 623, 627–628; 205 NW2d 600 (1973), this Court considered the propriety of prosecutorial comments.

*"The question of the propriety of a prosecutor's remarks is dependent upon all the facts of the case. A statement cannot be taken out of context.* Just as jury instructions must be read as a whole, so must the remarks of the prosecutor. The prosecutor's remarks must be evaluated in light of the relationship or lack of relationship they bear to the evidence admitted at trial. The fact that a statement has been reversible error in one case does not automatically mean that a similar remark is reversible error in another case. Each case must be considered on its own facts. For example, a remark found to constitute reversible error because it was not supported by the evidence would not be reversible error in a case where it was supported by the evidence." (Emphasis supplied.)

Even if the prosecutor's closing remarks could in some way be construed as not being based *in toto* upon the evidence, there would no reversible error.

Defendant did not object to the prosecutor's closing arguments at trial. The law in Michigan is well settled that the failure to object is a bar to appellate review unless the prejudicial effect of the prosecutor's comments was so great that it could not have been cured by a timely objection and cautionary instruction. *People v McLendon,* 51 Mich App 543, 547; 215 NW2d 742 (1974), *People v Humphreys,* 24 Mich App 411, 416; 180 NW2d 328 (1970). The nature of the statements made by the prosecutor cannot be classified as inflammatory or highly prejudicial.[2] Such remarks, even if not

---

[2] "The issue in this case is was Andrew Hernandez the person that did this, and the people believe that based upon the evidence he was the person that committed those acts and that he must be held responsible to the People of this state for his conduct and, the people will argue, from the evidence.

\* \* \*

based upon the evidence presented at trial, created no error which could not be cured by a timely objection and a cautionary instruction.

Hence, we conclude that the prosecutor's closing arguments did not deny the defendant a fair trial.

Defendant further contends that the jury instructions given by the trial court were erroneous and misleading, thus confusing the jury as to the elements of the charged offense.

The alleged erroneous instruction reads as follows:

"The Defendant is charged with the crime of Criminal Sexual Conduct in the First Degree. The Defendant has pleaded not guilty to this charge. To establish this charge, the People must prove each of the following elements beyond a reasonable doubt:

"And you heard Mr. Hernandez's testimony and you are entitled to give it the weight that you feel it deserves, and you will decide if his testimony is credible, if it is believable, if it is rational, if it is logical, and if you believe Mr. Hernandez's testimony, go right in that jury room and say so by your verdict, that he is an innocent man, that he didn't do it.

\* \* \*

"In any event, Officer Macomber stops him and he lies to Officer Macomber and he told you that. Officer Macomber asked him what he was doing in that area and he said he had a fight with his girlfriend, a lie, had been driving around for over an hour, another lie, yet he asks you to believe that he spent forty-five minutes hiding in a field because he was afraid. Afraid of what?

"I believe that from the testimony you could answer that question. He was afraid of being caught.

\* \* \*

"Mr. Catlin [defense counsel] says that they picked on this automobile. His client is an unfortunate victim of circumstance. He just happened to be in the wrong spot at the wrong time.

"If you accept that and if you believe that, your verdict in this case should be not guilty.

"From Mr. Catlin's closing argument it appears that this is a gigantic frame-up that one person after another is building a set of blocks in order to try to convict Andy, as Mr. Catlin calls him. His name is Andrew Hernandez. He is an adult male and he is on trial in this court."

"First, the Defendant engaged in a sexual act which involved some actual entry into the genital openings of the complainant's body, the act alleged. If you should so find there must have been a sexual act, that is, *it must have had its purpose as the arousing, stimulating or gratifying of the sexual emotion or it must have been done with some other sexual improper intent or purpose.*" (Emphasis supplied.)

Defendant claims that the highlighted portion of the aforementioned instruction includes the definition of "sexual contact", which is not an element of first-degree criminal sexual conduct but is an element of second-degree criminal sexual conduct. Therefore, the instructions confused the jury by rendering indistinguishable the differences between these two offenses. Furthermore, the alleged error was compounded since the court used the same language in instructing the jury as to third-degree criminal sexual conduct.

The definitions of "sexual act" and "sexual contact" while similar in some respects are separate and distinct propositions.

"Sexual act" is defined by the Michigan Criminal Jury Instructions. CJI 20:2:04.

"If you find that any act occurred, it must have been a sexual act. It must have had as its purpose the arousing, stimulating or gratifying of the sexual emotions [or it must have been done with some other sexually improper intent or purpose]."

"Sexual contact" is defined by MCLA 750.520a(g); MSA 28.788(1)(g).

" 'Sexual contact' includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional

touching can reasonably be construed as being for the purpose of sexual arousal or gratification."

Jury instructions containing these definitions are readily comprehendible if properly given. The instructions given to the jury by the trial court were clear, concise and in accordance with the Michigan Criminal Jury Instructions. The Supreme Court has urged the bench and bar of this state to use these standardized instructions.[3]

The standardized instructions for first and third-degree criminal sexual conduct specify that the definition of "sexual act" should be given "where there is a question about the sexual nature of the act". CJI 20:2:04, use note.

Clearly, where sexual penetration is alleged to have occurred with a finger, as is the case in the instant matter, there is a question as to the sexual nature of the act.

Having determined that the trial court instructed the jury in a concise manner in accordance with the Michigan Criminal Jury Instructions, we find no error.

Defendant finally contends that he was denied the assistance of competent and effective trial counsel in contravention of his constitutional right to a fair trial.

The instances which defendant cites in support of this contention lack merit in light of preceding paragraphs of this opinion and *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). Therefore, we need not address the issue.

The other issues raised on appeal do not warrant discussion by this Court.

I would affirm.

---

[3] In the matter of the proposed amendment of GCR 1963, 516, 396 Mich 958 (1976).

R. M. MAHER, J. *(concurring)*. I write separately to address an issue my Brother GILLIS does not. I agree that the jury instruction as to "sexual act" is distinguishable from the statutory definition of sexual contact and that the instruction was not confusing. But I cannot ignore the fact that the instruction given by the trial court adds an element to the crime of first-degree criminal sexual conduct not expressly contained in the statute.

The statute does not require, as the instruction does, that the act must have had as its purpose the arousing, stimulating, or gratifying of the sexual emotions or that it must have been done with some other sexually improper intent or purpose.

Though the instruction added an element to the crime charged, the prosecution proffered sufficient evidence to prove it. Complainant testified that after defendant had inserted his finger to extract her tampon (the sexual penetration here), he commenced masturbation. From such an action a jury could reasonably infer the element of sexual arousal which the trial court added to the offense by use of the instruction. In another situation, perhaps, the same type of sexual penetration would not be accompanied by sexual arousal, but the evidence in this case supports a finding that defendant was aroused.

The jury instruction was apparently devised to delineate the term sexual in "sexual penetration" as defined in MCLA 750.520a(h); MSA 28.788(1)(h), so that what was viewed as a problem of overbreadth could be eliminated. It is questionable whether the statute is overbroad. In any case, I am doubtful that an overbroad statute can or should be cured by a jury instruction. In this case, however, since there was sufficient evidence to prove the element added by the instruction, defendant was not prejudiced by its use.

Affirmed.

D. C. RILEY P. J., concurs with R. M. MAHER, J.