## PEOPLE v JAKIEL

Docket No. 78-3163. Submitted June 11, 1979, at Grand Rapids.—
Decided October 2, 1979. Leave to appeal applied for.

Raymond G. Jakiel was charged with embezzlement of money
over $100. The information alleged that the embezzlement was
committed on August 1, 1977. At trial, a prosecution witness
who discovered the embezzlement testified that he did not
believe that any embezzlement occurred on or after August 1,
1977. The defendant moved to dismiss the case, contending that
testimony of acts of embezzlement prior to the date alleged in
the information was inadmissible. Alpena Circuit Court, Philip
J. Glennie, J., treating the motion as one for a directed verdict
of acquittal, granted the motion. The prosecution appeals. *Held:*

The variance between the witness's testimony and the date
stated on the information was not fatal to the prosecution's
case. However, when a criminal defendant has been acquitted,
retrial on the same offense is barred on double jeopardy
grounds even if the legal ruling underlying the acquittal was
erroneous.

The prosecutor's appeal is dismissed.

1. EMBEZZLEMENT — WITNESSES — DATE OF COMMISSION OF OFFENSE.

   The variance between a witness's testimony at a defendant's trial
   on a charge of embezzlement and the date stated on the
   information charging the defendant was not fatal to the prose-
   cution's case where the information charged that the embezzle-
   ment was committed on August 1, 1977, and the prosecution
   witness who discovered the embezzlement testified that he did
   not believe that any embezzlement occurred on or after August
   1, 1977.

2. EMBEZZLEMENT — TIME ELEMENT — AMENDMENT OF INFORMATION.

   Time is not of the essence with a crime of embezzlement and
   amendment of an information charging a defendant with the
   crime of embezzlement should be liberally permitted in order to

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations § 268.
[3, 4] 21 Am Jur 2d, Criminal Law § 215.

conform the information to the evidence in regard to the time that the crime took place.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — APPEAL BY THE PEOPLE — EVIDENCE.

The constitutional guarantees against double jeopardy bar the people from appealing a trial court's determination that the evidence against a defendant was legally insufficient to support a conviction of the offense charged.

4. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — ACQUITTAL — ERRONEOUS LEGAL RULING.

Retrial of a defendant for a charged offense after the defendant has been acquitted of that offense is barred even if the legal ruling underlying the acquittal was erroneous; the essential character of the acquittal is not altered depending on whether it results from an erroneous evidentiary ruling or an erroneous interpretation of governing legal principles.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Theodore O. Johnson,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Thomas C. Nelson,* Assistant Attorney General, of counsel), for the people.

*Richard A. Collins,* for defendant on appeal.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

PER CURIAM. Plaintiff appeals from the trial judge's granting of a directed verdict of acquittal at defendant's request.

Defendant was charged with embezzlement of money over $100 from his employer, Clark Oil & Refining Company. MCL 750.174; MSA 28.371.

The information alleged that the embezzlement was committed on August 1, 1977. At trial, a prosecution witness who discovered the embezzlement testified that he did not believe that any

---

* Circuit judge, sitting on the Court of Appeals by assignment.

embezzlement occurred on or after August 1, 1977. Defendant moved to dismiss the case, contending that testimony of acts of embezzlement prior to the date alleged in the information was inadmissible. The trial judge, treating the motion as one for a directed verdict of acquittal, granted the motion.

MCL 767.60; MSA 28.1000 permits the prosecutor to introduce evidence of acts of embezzlement occurring within six months after the date alleged in the information.

In *People v Breckenridge,* 81 Mich App 6; 263 NW2d 922 (1978), a case involving the crime of false pretenses, we analyzed this statute and concluded that its language did not restrict the admission of evidence of alleged criminal acts occurring before the date stated in the information.

We extend the reasoning of *Breckenridge* to the instant case and hold that the variance between the witness's testimony and the date stated on the information was not fatal to the prosecution's case.

This result is also dictated by the rule that where, as with the crime of embezzlement, time is not of the essence, amendment of the information to conform to the evidence should be liberally permitted. *People v Lee,* 307 Mich 743, 748-749; 12 NW2d 418 (1943), *People v Hawkins,* 106 Mich 479; 64 NW 736 (1895).

We must determine, however, whether double jeopardy considerations bar the prosecution's appeal. We rule that they do. The prosecution argues that its appeal and defendant's retrial are not barred by the double jeopardy clauses of either the United States or the Michigan Constitutions. US Const, Am V; Const 1963, art 1, § 15. In support of this argument the prosecution relies on *United States v Scott,* 437 US 82; 98 S Ct 2187; 57 L Ed 2d

65 (1978), *reh den* 439 US 883; 99 S Ct 226; 58 L
Ed 2d 197 (1978). This reliance is misplaced.

In *Scott* the defendant moved for and was
granted dismissal of the charges against him be-
cause of pre-indictment delay. The Supreme Court
ruled that where a defendant seeks midtrial termi-
nation of criminal proceedings against him on
grounds unrelated to guilt or innocence, double
jeopardy does not bar appeal and retrial.

The instant case is distinguishable from *Scott.*
In this case the defendant did not seek termina-
tion of the trial on grounds unrelated to guilt or
innocence. On the contrary, the defendant sought
an evidentiary ruling which would preclude the
prosecution from introducing evidence of acts of
embezzlement which occurred prior to August 1,
1977, the date indicated in the information as the
date of the offense. The court ruled in defendant's
favor and held that "any acts prior to the date of
August 1 are not admissible". Finding no evidence
of acts of embezzlement on or after August 1, 1977,
the court found the defendant not guilty of the
charge.

"On the basis of the testimony before the court and
the cases that the court has read, I am going to direct a
verdict in this case of not guilty."

The trial court evaluated the prosecution's evi-
dence and determined that it was legally insuffi-
cient to support a conviction of the offense
charged. Double jeopardy bars government appeal
from such a determination. *United States v Scott,
supra,* 437 US at 97. When a criminal defendant
has been acquitted, retrial on the same offense is
barred even if the legal ruling underlying the
acquittal was erroneous. *Sanabria v United States,*

437 US 54, 64; 98 S Ct 2170; 57 L Ed 2d 43 (1978),[1] *Fong Foo v United States,* 369 US 141; 82 S Ct 671; 7 L Ed 2d 629 (1962). The essential character of an acquittal is not altered depending on whether it results from an erroneous evidentiary ruling or an erroneous interpretation of governing legal principles. *United States v Scott, supra,* 437 US at 98.

The prosecution's appeal is dismissed.

---

[1] *Sanabria v United States,* cited in the text, is the case which is perhaps most directly on point with reference to the issue raised in this case. In *Sanabria* the defendant was charged under a Federal law, 18 USC 1955, with participating in a gambling business involved with numbers betting and betting on horse races in violation of a specified Massachusetts statute. There was evidence that the defendant was involved with numbers betting but not with horse betting. At the close of the government's case the defense moved for an acquittal on the grounds that the state statute specified in the indictment did not prohibit numbers betting but only betting on games of competition such as horse races. The district court struck all evidence of numbers betting on the grounds that the indictment failed to cite the proper state statute. Defendant then moved for acquittal on the grounds that there was no evidence that he was involved in horse betting. The court granted the motion.

The United States Court of Appeals for the First Circuit vacated the judgment of acquittal and remanded for new trial. It held that the government had the right to appeal under 18 USC 3731, which authorizes government appeals from orders dismissing an indictment as to any one or more counts; that the district court was in error when it excluded the evidence of numbers betting; and that there was no double jeopardy bar to new trial since the defendant had voluntarily terminated the proceeding against him by moving, in effect, to dismiss it. The Court of Appeals further ruled that the government could retry the defendant on the same indictment based on his involvement in numbers betting.

The Supreme Court reversed, holding that the government had no right of appeal to the Federal Court of Appeals since the midtrial ruling on the numbers betting was an erroneous evidentiary ruling resulting in an acquittal and "when a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous". 437 US at 64.