PEOPLE v GARROW

Docket No. 46343. Submitted June 2, 1980, at Grand Rapids.—Decided September 3, 1980.

Defendant, Gregg Owen Garrow, was charged with first-degree criminal sexual conduct in Kent Circuit Court. The court ruled that first-degree criminal sexual conduct requires that sexual penetration be for the purpose of arousal, stimulation, or gratification of sexual emotions and directed a verdict of not guilty as a result of the prosecutor's inability to submit proof as to the sexual nature of the attack, George V. Boucher, J. On appeal, the prosecution argues that the first-degree criminal sexual conduct statute does not require that penetration be for the purpose of arousal, stimulation, or gratification of sexual emotions, that the Michigan Criminal Jury Instruction which does require those elements is not the proper standard to apply, and that the trial court erred by following the jury instruction criteria rather than the statute. In support of the trial court's ruling, defendant contends that second-degree criminal sexual conduct requires arousal or gratification of sexual emotions and that second-degree sexual conduct is a necessarily lesser included offense of first-degree criminal sexual conduct and that, therefore, first-degree criminal sexual conduct also requires arousal or gratification of sexual emotions. *Held:*

1. An act of criminal sexual conduct in the first degree is committed when there is an intrusion into the genital or anal opening of another person under one of the enumerated circumstances in the statute, regardless of the sexual purpose of the actor. The Michigan Criminal Jury Instruction is erroneous to the extent that it conflicts with the statutory elements of first-degree criminal sexual conduct. The trial court erred in following the jury instruction criteria rather than the statutory criteria.

2. Second-degree criminal sexual conduct is not a necessarily lesser included offense of first-degree criminal sexual conduct

REFERENCES FOR POINTS IN HEADNOTES

[1] 65 Am Jur 2d, Rape §§ 1, 2.

[2] 21 Am Jur 2d, Criminal Law § 182 *et seq.*

[3] 21 Am Jur 2d, Criminal Law §§ 65, 169, 170.

because it is possible to commit the greater offense without committing the lesser offense. Although second-degree criminal sexual conduct requires arousal or gratification of sexual emotions, first-degree criminal sexual conduct does not.

3. The trial court ruled that the evidence against the defendant was insufficient to support a conviction of the offense charged, and, even though the trial court's ruling regarding the elements of first-degree criminal sexual conduct was erroneous, double jeopardy bars remand for a second trial.

Appeal dismissed.

1. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — STATUTES.

An act of criminal sexual conduct in the first degree is committed when there is an intrusion into the genital or anal opening of another person under one of the enumerated circumstances, regardless of the sexual purpose of the actor (MCL 750.520a[h], 750.520b[1]; MSA 28.788[1][h], 28.788[2][1]).

2. CRIMINAL LAW — OFFENSES — NECESSARILY LESSER INCLUDED OFFENSES.

For an offense to be a necessarily included lesser offense, the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — ACQUITTAL — RETRIAL.

Double jeopardy bars retrial of a criminal defendant once he has been acquitted even though the underlying legal ruling is erroneous.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Idema & Pawlowski* (by *Frank Stanley),* for defendant on appeal.

Before: R. B. BURNS, P.J., and MACKENZIE and J. T. KALLMAN,* JJ.

J. T. KALLMAN, J. The defendant, Gregg Owen

* Circuit judge, sitting on the Court of Appeals by assignment.

Garrow, was charged with criminal sexual conduct in the first degree, contrary to MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). The charge arose from an alleged sexual attack on Valerie Werkema. A jury trial began on June 12, 1979, and the trial judge directed a verdict of not guilty on June 13, 1979, stating that the prosecutor's inability to submit proof as to the sexual nature of the alleged attack required the case to be dismissed. The people appeal as of right.

At trial, Werkema testified that she and defendant had lived together but she had asked him to leave and had resisted his attempts at reconciliation. She said that on the morning of October 29, 1978, she was in bed with another man, James Vlasich, when she heard a loud noise in her living room. She said she put on her robe, went into the living room, and was met there by the defendant, who yelled, started to push and shove, and then hit her in the face. Vlasich came out to see what was going on, but left the house when defendant pulled a knife and told him to leave. Defendant told Werkema that if she took him back he would stop, but Werkema told him she would not take him back. Kathryn Mahar, a mutual friend of Werkema and defendant, came in, attempted to break up the fight, then left after Werkema asked her to telephone the police. During the scuffle, defendant slashed Werkema's waterbed.

Werkema said defendant knocked her down and inserted his fingers into her vagina. She said he caught his fingers on her IUD and pulled it, which caused her severe pain. Werkema indicated that their friend returned and that the three continued to struggle until defendant and Mahar left.

During direct questioning of Mahar, the court excused the jury to hear arguments on the admis-

sibility of a tape recording. During that confer-
ence, the court asked the prosecutor what proofs
had been shown or would be shown regarding the
sexual nature of the defendant's act. The prosecu-
tor argued that a conviction for criminal sexual
conduct in the first degree does not require proof
as to the sexual nature of the act. When the
prosecutor told the judge he would introduce no
further proof as to the sexual nature of the act,
the court called back the jury and directed a
verdict of not guilty.

The prosecution argues on appeal that the court
erred in ruling that to convict of first-degree crimi-
nal sexual conduct, the prosecution must establish
that the sexual penetration was for the purpose of
arousing, stimulating or gratifying sexual emo-
tions.

MCL 750.520b; MSA 28.788(2) states, in perti-
nent part:

"A person is guilty of criminal sexual conduct in the
first degree if he or she engages in sexual penetration
with another person and if any of the following circum-
stances exists: * * *", MCL 750.520b(1); MSA
28.788(2)(1).

"Sexual penetration" is defined within the stat-
ute:

" 'Sexual penetration' means sexual intercourse, cun-
nilingus, fellatio, anal intercourse, or any other intru-
sion, however slight, of any part of a person's body or of
any object into the genital or anal openings of another
person's body, but emission of semen is not required."
MCL 750.520a(h); MSA 28.788(1)(h).

The plain meaning of this statute is that an act
of criminal sexual conduct in the first degree is

committed when there is an intrusion into the genital or anal opening of another person under one of the enumerated circumstances, regardless of the sexual purpose of the actor. *People v Hernandez,* 80 Mich App 465, 474; 264 NW2d 343 (1978).

Nevertheless, CJI 20:2:04 suggests that sexual purpose is an element of first-degree criminal sexual conduct. The standard instruction states:

"If you find that any act occurred, it must have been a sexual act. It must have had as its purpose the arousing, stimulating or gratifying of the sexual emotions [or it must have been done with some other sexually improper intent or purpose]."

The use note to this instruction states that it must be given "where there is any question about the sexual nature of the act".

We agree with the majority in *Hernandez, supra,* that CJI 20:2:04 is erroneous as it conflicts with the statutory elements of first-degree criminal sexual conduct. Because the trial court in the instant case based its directed verdict of acquittal on the opinion that first-degree criminal sexual conduct requires proof of sexual purpose, that ruling was erroneous.

Defendant nevertheless contends that because this Court has held that second-degree criminal sexual conduct is a lesser included offense of first-degree criminal sexual conduct, the sexual purpose that is an element of second-degree criminal sexual conduct is also an element of first-degree criminal sexual conduct. Second-degree criminal sexual conduct is defined in MCL 750.520(c); MSA 28.788(3):

"A person is guilty of criminal sexual conduct in the

second degree if the person engages in sexual contact with another person and if any of the following circumstances exists: * * *."

"Sexual contact" is defined within the statute:

" 'Sexual contact' includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification." MCL 750.520a(g); MSA 28.788(1)(g).

It is evident that an element of second-degree criminal sexual conduct is that the touching is for the purpose of sexual arousal or gratification. We note that the definition of "sexual penetration" includes no requirement of intent. We do not find second-degree criminal sexual conduct to be a necessarily lesser included offense of first-degree criminal sexual conduct because, under the clear meaning of the statute as recognized in *Hernandez,* proof of sexual purpose is not required for a finding of guilty of first-degree criminal sexual conduct. For an offense to be a necessarily lesser included offense, the lesser must be such that it is impossible to commit the greater without having committed the lesser. *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975).

We recognize that in most cases, second-degree criminal sexual conduct is a factually included offense within first-degree criminal sexual conduct, for sexual penetration is usually for a sexual purpose. Where the additional element of sexual intent is mandated for a finding of guilty of second-degree criminal sexual conduct, however, that offense cannot be considered a necessarily lesser

included offense of first-degree criminal sexual conduct.

We recognize that other panels of this Court have held otherwise. In *People v Thompson,* 76 Mich App 705, 708; 257 NW2d 268 (1977), this Court held that second-degree criminal sexual conduct was a necessarily lesser included offense of first-degree criminal sexual conduct. The Court reasoned: "Obviously, if there is a penetration there is contact." This reasoning has been followed in *People v Green,* 86 Mich App 142; 272 NW2d 216 (1978), and *People v Secreto,* 81 Mich App 1; 264 NW2d 99 (1978). We believe these cases have failed to consider the differences in the plain language of the statutory definitions of sexual penetration and sexual contact.

While we find the trial court's ruling regarding the elements of first-degree criminal sexual conduct to be erroneous, double jeopardy bars us from remanding for a second trial on the same offense. The trial court evaluated the prosecution's evidence and determined that it was legally insufficient to support conviction on the charged offense. When a criminal defendant has been acquitted, retrial on the same offense is barred even if the legal ruling underlying the acquittal was erroneous. *Sanabria v United States,* 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978).

In *People v Jakiel,* 92 Mich App 754; 285 NW2d 448 (1979), this Court dismissed a prosecution's appeal on facts similar to those presented here. In *Jakiel,* the trial court erroneously excluded evidence, then directed a verdict of acquittal based on the insufficiency of the evidence. This Court held that even though the trial court's ruling was erroneous, the prosecution's appeal was barred because the trial court had made its determination based

on the sufficiency of the evidence. In the instant case, the trial court similarly ruled that the evidence against the defendant was insufficient to support a conviction of the offense charged. While this ruling was based on an erroneous legal standard, double jeopardy bars retrial.

The prosecution's appeal must be and hereby is dismissed.