**Debra Kay JUAREZ, Petitioner–Appellant,**

v.

**Joan YUKINS, Respondent–Appellee.**

**No. 01–2349.**

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

*ORDER*

Debra Kay Juarez, a Michigan prisoner proceeding pro se, appeals a district court judgment denying her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in Kalamazoo County Circuit Court, Juarez was convicted of four counts of first-degree criminal sexual conduct ("CSC") and five counts of third-degree child abuse. She was sentenced to twenty-five to fifty years imprisonment for the CSC–I conviction and sixteen months to two years imprisonment for the third-degree child abuse conviction. Juarez's conviction was affirmed on appeal.

The habeas petition raises six issues: 1) the trial court violated Juarez's right to due process by convicting her of first-degree CSC without finding a sexual purpose; 2) there was insufficient evidence to support the CSC conviction; 3) the trial court's admission of hearsay testimony, evidence of prior bad acts, and irrelevant testimony deprived Juarez of her right to a fair trial; 4) the trial court deprived Juarez of a fair trial by failing to instruct the jury on third-degree child abuse as a lesser-included offense of first-degree CSC; 5) prosecutorial misconduct deprived Juarez of her right to a fair trial; and 6) Juarez was denied her Sixth Amendment right to effective assistance of counsel.

A magistrate judge recommended that the habeas petition be denied on the merits. Specifically, the magistrate judge held that: 1) a CSC–1 conviction does not require finding a specific sexual intent, *see People v. Lemons,* 454 Mich. 234, 562 N.W.2d 447, 456 (Mich.1997); 2) the evidence was sufficient to satisfy the elements of a CSC–1 conviction, *see Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Tipton v. Jago,* 818 F.2d 1264, 1267–68 (6th Cir.1987); 3) admission of the disputed evidence did not constitute a violation of the right to a fair trial or any other constitutional right, *see Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); 4) third-degree child abuse is not a lesser-included offense of CSC–1, *see* Mich. Comp. Laws §§ 750.136b, 750.520b; *People v. Garrow,* 99 Mich.App. 834, 298 N.W.2d 627 (Mich.Ct.App.1980), and the trial court appropriately did not give such

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

an instruction, *see Estelle,* 502 U.S. at 72, 112 S.Ct. 475; *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); 5) the alleged prosecutorial misconduct was neither objected to at trial nor so offensive that it constituted a constitutional violation. *Serra v. Mich. Dep't of Corr.,* 4 F.3d 1348, 1355–56 (6th Cir.1993); *Cook v. Bordenkircher,* 602 F.2d 117, 119 (6th Cir.1979); and 6) trial counsel's failure to call Dr. Bateman as a witness did not meet the standard of ineffective assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court adopted the magistrate judge's report and recommendation over Juarez's objections. The court also granted Juarez a certificate of appealability on issue three enumerated above.

This court reviews de novo the district court's disposition of a habeas corpus petition. *See Payton v. Brigano,* 256 F.3d 405, 407–08 (6th Cir.2001), *cert. denied,* 534 U.S. 1135, 122 S.Ct. 1081, 151 L.Ed.2d 981 (2002); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000). A writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. *See* 28 U.S.C. § 2254(d)(1) and (2). A federal court may not find a state adjudication to be unreasonable unless "the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495,

146 L.Ed.2d 389 (2000). Thus, only when the state court's decision is "objectively unreasonable" should a writ of habeas corpus be issued. *Id.* at 409, 120 S.Ct. 1495.

Upon review, we conclude that the district court properly denied Juarez habeas corpus relief. Juarez has not shown that the trial court's reasoning was based on an unreasonable application of the facts or of clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.