PEOPLE v MURPHY

Docket No. 74750. Submitted July 24, 1985, at Detroit.—Decided November 4, 1985.

Raymond E. Murphy was convicted of second-degree criminal sexual conduct following a bench trial in Detroit Recorder's Court and was sentenced, George W. Crockett, III, J. Defendant appealed. *Held:*

1. Defendant was not denied the effective assistance of counsel by defense counsel's elicitation of testimony from the complainant and from defendant's son that the son's mother had told the children that defendant had committed prior sexual acts with other young girls. The questioning was a legitimate trial strategy, an attempt to show that the mother was biased against defendant and that her bias affected the testimony of the two children. Defendant has failed to show that he was prejudiced by the questioning.

2. The trial court properly declined to consider the possibility of convicting defendant of fourth-degree criminal sexual conduct. The facts were insufficient to support a conviction of fourth-degree criminal sexual conduct.

3. Defendant's argument that his sentence must be vacated because the sentencing judge used a psychiatric report at sentencing which was based upon statements obtained from the defendant in violation of his constitutional rights to counsel and to remain silent is rejected. Defendant voluntarily waived his rights, and the trial court properly considered the psychiatric report at sentencing.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Criminal Law §§ 967-992.

See the annotations in the ALR3d/4th Quick Index under Assistance of Counsel.

[2] Am Jur 2d, Evidence §§ 1080-1090.

See the annotations in the ALR3d/4th Quick Index under *Weight and Sufficiency of Evidence.*

[3] Am Jur 2d, Criminal Law § 79.

Power of court, in absence of statute, to order psychiatric examination of accused for purpose of determining mental condition at time of alleged offense. 17 ALR4th 1274.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL — TRIAL STRATEGY.

    The fact that a defendant's trial counsel elicited testimony from the complainant and another witness in a rape case to the effect that they had been told that the defendant had committed prior criminal acts of a similar nature did not deny the defendant the effective assistance of counsel where the elicitation of that testimony was legitimate trial strategy and the defendant was not prejudiced thereby.

2. RAPE — BENCH TRIAL — INSUFFICIENT EVIDENCE.

    A trial court sitting without a jury did not err in not considering a charge of fourth-degree criminal sexual conduct against a defendant charged with first-degree criminal sexual conduct where the facts were insufficient to support a conviction of fourth-degree criminal sexual conduct.

3. CRIMINAL LAW — SENTENCING — PSYCHIATRIC REPORTS.

    It is not error for a sentencing court to consider a psychiatric report on a defendant at sentencing where the defendant undergoes psychiatric evaluation after his conviction and reads and signs a waiver of rights form and agrees to proceed with the interview with full knowledge that the court might be informed of the results of the interview.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Curtis Smith,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan* and *Susan M. Meinberg),* for defendant on appeal.

Before: GRIBBS, P.J., and T. M. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Following a bench trial, defendant was convicted of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and sentenced to a term of from 3 to 15 years' imprisonment. Defendant appeals as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant first argues that he was denied the effective assistance of counsel. While cross-examining the complainant, a young girl, and Raymond Gaddis, defendant's son, defense counsel elicited testimony from the children that Maxine Gaddis, Raymond's mother, had told them that defendant had committed prior sexual acts with other young girls. Defendant now argues that there is no conceivable trial strategy for defense counsel's action. We disagree. We note that defendant was the father of Raymond Gaddis. Considering this fact, we feel that defense counsel was attempting to show that Maxine Gaddis was biased against defendant and that her bias affected the complainant's and Raymond Gaddis's testimony. Defense counsel argued that the complainant and Raymond Gaddis made up the story which alleged that defendant committed the criminal sexual conduct. Defense counsel elicited this evidence as a reason for supporting the defendant's theory that the complainant and Raymond Gaddis made up the story. We therefore feel that defense counsel's questioning was a legitimate trial strategy and, therefore, did not deny defendant the effective assistance of counsel. *People v Harris,* 133 Mich App 646; 350 NW2d 305 (1984). Defendant has failed to show that he was prejudiced by this trial strategy. *People v Carr,* 141 Mich App 442; 367 NW2d 407 (1985). We note that this case involves a bench trial and that defense counsel did not refer to other alleged specific acts of sexual misconduct, but only elicited testimony regarding Maxine Gaddis's accusations. Without the children's testimony there would have been nothing to support defendant's theory that the complainant and Raymond Gaddis concocted the story by themselves. Arguing that Maxine Gaddis gave the children the idea makes defendant's theory more cred-

ible. We also note that this evidence was not hearsay since it was not introduced to prove that defendant committed other similar acts. MRE 801.

Defendant next argues that the trial court erred in failing to consider the charge of fourth-degree criminal sexual conduct. The complainant was nine years old at the time the offense allegedly was committed and, therefore, the facts were insufficient to support a conviction of fourth-degree criminal sexual conduct. In considering a similar situation, this Court in *People v Favors,* 121 Mich App 98, 112; 328 NW2d 585 (1982), stated:

"The trial court here had a duty to consider whether evidence adduced at trial would have supported a guilty verdict on the lesser offenses of third- or fourth-degree criminal sexual conduct. * * * The trial court properly found in this case that the evidence would not support convictions on those charges. There was no evidence introduced at the time of trial to the effect that the defendant was other than nine years old, there was no significant question regarding her age at the time of cross-examination of her by defense counsel, and there was no factual dispute by anyone in the courtroom that she was other than nine years old. In these circumstances, to require the court to instruct the jury as to offenses which necessitate a finding that the complainant was other than nine years old flies in the face of reason." (Citation omitted.)

In light of *Favors,* the trial court properly declined to consider the possibility of convicting defendant of fourth-degree criminal sexual conduct.

Defendant finally argues that his sentence must be vacated because the sentencing judge used a psychiatric report at sentencing which was based upon statements obtained from the defendant in violation of his constitutional rights to counsel and to remain silent. Defendant relies on *Estelle v Smith,* 451 US 454; 101 S Ct 1866; 68 L Ed 2d 359

(1981). In that case, the defendant was found to have been denied his Fifth and Sixth Amendment rights when he made inculpatory statements at a psychiatric examination to determine his competency to stand trial. The defendant was not advised of his constitutional rights to counsel and to remain silent. The Supreme Court found that it was improper to use statements made at that examination when sentencing the defendant. The instant case is distinguishable since Murphy was sent for the psychiatric evaluation after he was convicted. In the instant case, defendant read and signed a waiver form and agreed to proceed with the interview with full knowledge that the court could be informed of the contents of the interview. Defendant's reliance on *Jones v Cardwell,* 686 F2d 754 (CA 9, 1982), is also misplaced. In *Cardwell,* the Ninth Circuit Court of Appeals ruled that the defendant's Fifth Amendment right was violated when he confessed to other crimes at a presentence interview upon the urging of the trial court to cooperate with the interview. While, in the instant case, defendant was urged to cooperate with the psychiatric examiners, he did not make any inculpatory statements. Even if an inculpatory statement was made, we again note that defendant signed a waiver form and agreed to proceed with the full knowledge that the court could be informed of the results of the interview. Considering these facts, we feel that defendant voluntarily waived his rights and that the trial court properly considered the psychiatric report at sentencing.

Affirmed.