**The PEOPLE of the TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**Michael J.S. TORRE, Defendant– Appellant.**

**No. 94–10508.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 1995.*

Decided Oct. 19, 1995.

---

\* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34– 4 and Fed.R.App.P. 34(a).

Mitchell F. Thompson, Maher & Thompson, Agana, Guam, for defendant-appellant.

Alicia A. Limtiaco, Assistant Attorney General, Agana, Guam, for plaintiff-appellee.

Before: SNEED, KOZINSKI and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Michael J.S. Torre appeals his conviction of three counts on first degree criminal sexual conduct in violation of 9 Guam Code Ann. § 25.15(a)(6), two counts of second degree criminal sexual conduct in violation of 9 Guam Code Ann. § 25.20(a)(6); and one count of second degree kidnapping in violation of 9 Guam Code Ann. § 22.20(a)(2).

## FACTS

Torre was a security officer at the Naval Station in Sumay, Guam. The victim, V, was a 23-year-old resident alien. On June 24, 1992 Torre took advantage of his official duties to take possession of V's green card; to deceive her into driving with him to a secluded spot; and to threaten her with deportation unless she submitted to his sexual designs. Against her will, he kissed her breasts and vagina and then, three separate times, penetrated her vagina. He then informed her that he would not return her green card until she had sex with him every

night for a week. He also made her sign a statement that the intercourse had occurred with her consent. When he was apprehended, both this piece of paper and the green card were in his possession.

## PROCEEDINGS

On July 27, 1992 Torre was indicted on the counts of which he was ultimately convicted. On May 3, 1993 trial began in the Superior Court of Guam. The offense was proved by the testimony of V, supported by circumstantial evidence. Torre's defense was that the sex was consensual. The jury disbelieved him and returned its verdict of guilty on May 10. Torre was sentenced to ten years' imprisonment on each of the counts of criminal sexual conduct and to eight years' imprisonment on the kidnapping count, all sentences to run concurrently.

Torre appealed to the District Court of Guam. With new counsel for the appeal, Torre attacked his convictions on the ground of ineffective assistance of counsel at the trial, in particular arguing (1) that on four occasions the prosecutor referred to V as being "raped" or to the offense as "rape," without objection from his trial counsel; (2) that counsel failed "to object to three separate first degree criminal sexual conduct convictions for what was essentially the same sex act"; and (3) that counsel failed to argue that the two sexual touchings charged as second degree criminal conduct should have "merged" into the first degree counts.

As to the first issue, the three-judge district court held that counsel had not fallen below the standard set by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Objection by counsel to the term "rape" could have had the effect of highlighting the testimony. In any event, the prosecutor's comments had "no reasonable possibility" of affecting the outcome of the trial.

As to the second issue, the district court stated the facts in this way: "The three separate vaginal penetrations resulted from changes in position in the course of one sex act." The court reasoned: "Torre may in fact be correct that he was improperly charged with separate counts for the first degree criminal sexual conduct charges. We

need not decide this issue, however, because Torre clearly was not prejudiced by counsel's failure to object to the separate charges." The court found lack of prejudice because even if defense counsel had successfully objected to the multiplicitous counts, a single count of first degree criminal sexual conduct would have stood and Torre would still have received a ten-year sentence. As his sentences on all counts were concurrent, he suffered no injury from being convicted on multiple counts.

Torre appeals to this court. He not only raises the issues addressed by the district court but offers additional examples of what he contends show ineffective assistance of counsel.

## ANALYSIS

■ We do not consider points of appeal not raised before the District Court of Guam, the tribunal of first appeal from a trial in the Superior Court of Guam, unless a failure to do so would result in a "manifest injustice." *Guam v. Gill,* 61 F.3d 688, 695 (9th Cir.1995). Consequently, we do not consider Torre's contention that counsel failed to inform him of various reports bearing on the case; that counsel did not object to hearsay; that counsel did not object to leading questions; and, that counsel did not object to questions regarding information protected by the attorney-client privilege. If we did consider those contentions, we would hold that Torre has neither shown conduct falling below the required level of professional competence nor that the alleged errors of counsel would, if corrected, have produced a different outcome at trial.

■ As for the prosecutor's use of the terms "rape" or "raped," there were five such instances, twice in examining V, once repeating the testimony of a prosecution witness who testified that V "said she was raped"; and twice in examining other witnesses. The term "rape" is the common English word for the conduct charged in Guam as "first-degree criminal sexual conduct." The prosecutor may not demean a defendant by insult. E.g., *Volkmor v. United States,* 13 F.2d 594, 595 (6th Cir.1926). The prosecutor may not assume prejudicial facts not in evidence, nor may he insinuate the possession of personal knowledge of facts

not offered in evidence. *See Berger v. United States,* 295 U.S. 78, 84, 55 S.Ct. 629, 631, 79 L.Ed. 1314 (1935), *overruled on other grounds, Stirone v. United States,* 361 U.S. 212, 215, 217–18, 80 S.Ct. 270, 272, 273–74, 4 L.Ed.2d 252 (1960). But when the prosecutor has obtained an indictment charging the defendant with a crime, and has in his opening statement told the jury that the defendant will be proved guilty of that crime, and has offered evidence that the crime did in fact occur, there is no rule of evidence or ethics that forbids the prosecutor from referring to the crime by its common name when examining a witness. There is no rule requiring the prosecutor to use a euphemism for it or preface it by the word "alleged." No objection to the prosecutor's vocabulary would have been properly sustained. There was no dereliction of duty in counsel not objecting.

■ The District Court of Guam was in error in holding that Torre suffered no prejudice from his counsel's failure to object to the multiple convictions. The law is plain that multiple convictions, apart from concurrent sentences, carry "adverse collateral consequences that may not be ignored." *Ball v. United States,* 470 U.S. 856, 864–65, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740 (1985). These consequences include the possibility of postponement of eligibility for parole and the possibility of increased punishment for some future offense. *Id.* at 865, 105 S.Ct. at 1673–74. This analysis, sufficient in itself, has of course been followed in this circuit. *United States v. Kincaid,* 898 F.2d 110, 112 (9th Cir.1990).

■ The district court also erred in finding as a fact that there was "a single sex act" performed by Torre. To the contrary, there was explicit and unrebutted testimony by V that Torre performed a series of sex acts—the two touchings of her genitalia and the three penetrations, exactly as charged by the indictment. There was no "merger" of these separate offenses. Each was a separate offense against the person of V.

■ We reach this conclusion by considering the testimony and applying the law of Guam as it is written. We do not need confirmation by other authority but note that Guam has borrowed its law from Michigan, which pioneered in abandoning gender specific language and in calling the offense "criminal sexual conduct." *See* American Law Institute, *Model Penal Code* (1980) § 213.1, p. 289, discussing M.C.L. §§ 750.520a to 520e, 520i. The relevant sections of Guam's sexual offenses statute are patterned after those of Michigan. *Compare* 9 Guam Code Ann. §§ 25.15, 25.20 *with* Mich. Comp.Laws §§ 750.520b, 750.520c. Our conclusion is harmonious with the interpretation that Michigan courts have given the identical words in the Michigan statute. *E.g., People v. Johnson,* 406 Mich. 320, 279 N.W.2d 534, 538 (1979); *People v. Norman,* 184 Mich. App. 255, 457 N.W.2d 136, 139–40 (1990); *see Guam v. Agualo,* 948 F.2d 1116, 1118 (9th Cir.1991) (Michigan case law is persuasive when interpreting Guam criminal sexual conduct statute because Michigan's statute is similar). Courts have not been disposed to let the rapist sweep several separate acts of rape under the blanket excuse that they occurred on the same occasion and were all inflicted on the same person. Consequently, there was no ineffective assistance of counsel in not challenging the indictment and the multiple convictions.

AFFIRMED.