**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-17537 |
| Plaintiff - Appellee, | D.C. Nos.  2:07-cv-02724-MCE-CMK |
| v. | 2:02-cr-00213-MCE-CMK-4 |
| MIGUEL HERNANDEZ-MUNGUIA, | |
| Defendant - Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Chief District Judge, Presiding

Argued and Submitted December 6, 2012*
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

Federal prisoner Miguel Hernandez-Munguia appeals the district court's

judgment denying his 28 U.S.C. § 2255 motion to vacate, alter, or set aside his

sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

district court's denial of a § 2255 motion de novo, *see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012). We affirm.

Hernandez-Munguia was charged and convicted of, *inter alia*, conspiracy to manufacture methamphetamine (count one) and conspiracy to possess a listed chemical with knowledge, or having reasonable cause to believe, that it would be used to manufacture methamphetamine (count two). He contends that his trial counsel provided ineffective assistance by failing to object to counts one and two as multiplicitous. The district court concluded that Hernandez-Munguia could not demonstrate prejudice because he received a concurrent sentence for counts one and two, and prejudice does not result from the collateral consequences of an extra conviction under *Strickland v. Washington*, 466 U.S. 668 (1984) (to demonstrate ineffective assistance of counsel, defendant must show that counsel's representation was deficient and that counsel's deficient representation resulted in prejudice). The district court alternatively concluded that even if Hernandez-Munguia could demonstrate prejudice, counts one and two were not multiplicitous.

Ninth Circuit case law establishes that multiple convictions carry adverse collateral consequences in the *Strickland* context. *See People of the Territory of Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995). The Supreme Court has "never applied a distinction between direct and collateral consequences to define

2

the scope of constitutionally 'reasonable professional assistance' required under *Strickland*." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1481 (2010).

Nonetheless, we conclude that, even assuming counts one and two were multiplicitous, Hernandez-Munguia did not demonstrate that his counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–89 (courts apply strong presumption that counsel's conduct falls within wide range of reasonable professional assistance; tactical decisions are entitled to high degree of deference). Here, defense counsel's closing argument suggests a tactical choice to forgo an objection based on multiplicitous charges. Further, the advantage of prevailing on such an objection, even if valid, may have been viewed as negligible.

**AFFIRMED.**