# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JACKIE RICHARD MAYBEE,

        Defendant-Appellant.

UNPUBLISHED
October 17, 2017

No. 332858
Oakland Circuit Court
LC No. 2015-256793-FH

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

A jury convicted defendant of second-degree home invasion, MCL 750.110a(3). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 52 months to 30 years' imprisonment. Defendant appeals, and for the reasons provided below, we affirm.

## I. CONFRONTATION CLAUSE

Defendant argues that the introduction of a statement made by Cassandra Model, another individual involved in the home invasion, to Deputy Canegin[1] was violative of his right to confrontation and necessitates a new trial because she did not testify at trial. We disagree.

At trial, the prosecution examined Deputy Randy Leppek. During the questioning, Deputy Leppek stated that during the traffic stop, he talked to the two male passengers (defendant and Rolando Gerrero) in the green SUV while Deputy Canegin took the female driver, Model, to his vehicle for questioning. Deputy Leppek also stated that he did not remove the two males from the vehicle until he heard from Deputy Canegin that Model admitted to participating in the breaking and entering.

While defendant objected to the testimony, he only objected on hearsay grounds—not on confrontation grounds. Accordingly, the issue is not preserved, and our review is for plain error affecting defendant's substantial rights. *People v Walker (On Remand)*, 273 Mich App 56, 65-

---

[1] Deputy Canegin's first name and the proper spelling of his last name were not specified in the lower court record.

66; 728 NW2d 902 (2006); *People v Coy*, 258 Mich App 1, 12; 669 NW2d 831 (2003). Thus, a defendant must show that the plain error affected the outcome of the lower court proceedings. *Walker*, 273 Mich App at 66.

The Sixth Amendment of the United States Constitution, applied to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." US Const, Am VI; *People v Burton*, 219 Mich App 278, 287; 556 NW2d 201 (1996). The Confrontation Clause applies, not only to in-court testimony, but also to out-of-court statements introduced at trial. *Crawford v Washington*, 541 US 36, 50-51; 124 S Ct 1354; 158 L Ed 2d 177 (2004). But these requirements only are implicated when the proffered statement is testimonial in nature. *Walker*, 273 Mich App at 60.

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution. [*Davis v Washington*, 547 US 813, 822; 126 US 2266; 165 L Ed 2d 224 (2006).]

However, we need not decide whether Model's statement to Deputy Canegin was testimonial because, assuming it was testimonial, defendant cannot show how the statement's admission affected his substantial rights. Defendant claims that without Model's statement, there was insufficient evidence to identify him as a perpetrator of the crime because J. B. McClure, who saw the three perpetrators get away in the green SUV, never identified defendant at trial. But defendant ignores the substantial, other evidence linking defendant as one of the perpetrators. While McClure did not get a good look at the perpetrators' faces, he saw that there were two males and one female. He saw that one male sat in the backseat of the green SUV, a male wearing an orange shirt sat in the front passenger seat, and the female sat in the front driver seat. When police pulled a green SUV over shortly thereafter, a female (Model) was in the driver seat, a man wearing an orange shirt (defendant) was in the front passenger seat, and another man was in the back seat. Furthermore, the police found items in the vehicle that matched the items that were reported missing from the home that was broken into. Therefore, defendant has not demonstrated that his substantial rights were affected by the admission of Model's statement to Deputy Canegin, because the jury unquestionably would have convicted defendant based on this other evidence.

Moreover, as previously noted, the Confrontation Clause, in general, bars the admission of testimonial statements by witnesses who did not testify at trial. See *People v Nunley*, 491 Mich 686, 698; 821 NW2d 642 (2012). Here, there is no question that Model did not testify at trial. However, she was present. Indeed, she was brought to the court by the Michigan Department of Corrections and was available to testify at trial. Defendant and his defense counsel stated on the record that they decided not to call Model as a witness. This decision was made after Deputy Leppek testified and after Model's statement to Deputy Canegin was admitted into the record. Accordingly, defendant cannot now complain that Model did not testify at trial when she was present and available but defendant simply chose to not call her to the stand. See

*Melendez-Diaz v Massachusetts*, 557 US 305, 313 n 3; 129 S Ct 2527; 174 L Ed 2d 314 (2009) ("The right to confrontation may, of course, be waived . . . ."); *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Consequently, because Model was present and available to testify, defendant's prior decision to not call her to the stand, when she was available, renders his present reliance on the Confrontation Clause misplaced.[2]

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence to convict him of this crime because there was not sufficient circumstantial evidence that identified him as a perpetrator or aider and abettor to second-degree home invasion. We disagree.

This Court will review a challenge to the sufficiency of the evidence de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). The evidence is reviewed "in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). It is the role of the trier of fact to weigh evidence and evaluate the credibility of witnesses. *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008).

The elements of second-degree home invasion are: (1) "the defendant entered a dwelling by breaking or without the permission of any person in ownership or lawful possession or control of the dwelling," and (2) the defendant "did so with the intent to commit a felony, larceny, or assault therein or committed a felony, larceny, or assault while entering, present in, or exiting the dwelling." *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013); see also MCL 750.110a(3). Further, it is well established that identity is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008), citing *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976), and *People v Kern*, 6 Mich App 406, 409; 149 NW2d 216 (1967). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Lee*, 243 Mich App 163, 167-168; 622 NW2d 71 (2000).

Defendant argues that there was insufficient evidence presented to allow the jury to conclude that he participated in the home invasion. It is important to note that defendant was charged as acting as a principle in the home invasion or, alternately, as an aider and abettor. Here, there was sufficient evidence to prove that he, at a minimum, aided and abetted in the

---

[2] This situation is distinguishable from caselaw that provides that it is not a defendant's responsibility to procure witnesses or to subpoena them. See *People v Fackelman*, 489 Mich 515, 529 n 7; 802 NW2d 552 (2011) and cases cited therein. Unlike in these cited cases, the prosecution here successfully took steps to ensure that Model appeared at court. It was only defendant's decision that resulted in her not testifying at trial. We decline to extend the rationale cited in *Fackelman* to this circumstance. Indeed, the United States Supreme Court has stated that under the Confrontation Clause, "The prosecution must *produce* [those witnesses used against the defendant] . . . ." *Melendez-Diaz*, 557 US at 313-314 (emphasis altered). That is precisely what the prosecution did here, thereby fulfilling its constitutional obligation.

commission of the crime. An individual who procures, counsels, aids, or abets in the commission of a crime may be convicted and punished as if he or she directly committed the crime. *Robinson*, 475 Mich at 5-6; see also MCL 767.39. The elements of aiding and abetting are the following:

> (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. [*People v Plunkett*, 485 Mich 50, 61; 780 NW2d 280 (2010) (quotation marks and citations omitted).]

Defendant's reliance on the fact that "no one identified [defendant] as being present at the scene of the [breaking and entering]" is misplaced. Circumstantial evidence allowed the jury to conclude that defendant assisted and intended the commission of the crime. McClure testified that he saw a person in an orange shirt, along with two other individuals, carry large amounts of "stuff" to a green SUV that was parked in his driveway. After the individuals drove off, McClure called 911 and notified them of what he saw. A short time later, police found a green SUV with three individuals inside and effectuated a traffic stop. The positions of the people in the vehicle (female in the front driver seat, male wearing orange shirt in the front passenger seat, other male in rear seat) matched what McClure witnessed. Plus, the items found inside the vehicle matched the missing items from the house that was robbed. Thus, with the man in the orange shirt having been seen carrying items to the vehicle with the other individuals and defendant later having been identified as the man wearing the orange shirt, the evidence was sufficient to allow the jury to conclude that defendant participated in the home invasion and was not "merely present" as defendant claims.[3]

## III. GREAT WEIGHT OF THE EVIDENCE

Defendant relies upon the same arguments that he makes in support of his claim that there was insufficient evidence to convict defendant to argue that the verdict is against the great weight of the evidence. We disagree. In a jury trial, an objection going to the weight of the evidence can only be raised in a motion for a new trial before the trial court. *People v Norman*, 184 Mich App 255, 257; 457 NW2d 136 (1990). Defendant attempted to preserve this issue by filing a motion to remand concurrently with his brief on appeal in this Court. Filing a motion to remand in this court does not preserve this issue, and failure to raise the issue by the appropriate motion forfeits the issue on appeal. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003). Because defendant failed to bring a motion in the trial court, this issue is not preserved for appeal. *Norman*, 184 Mich App at 257. Therefore, our review is limited to plain error affecting defendant's substantial rights. *Musser*, 259 Mich App at 218, citing *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

---

[3] For the same reasons, the trial court did not err when it denied defendant's motion for a directed verdict.

The following test is used to determine whether the verdict at issue is against the great weight of the evidence: "whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009), citing *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001).

As fully discussed above, the evidence clearly showed that defendant was a willing participant or aider and abettor in the home invasion. Any claim that defendant was "merely present" with the stolen items is belied by the record evidence. McClure testified that he saw a person matching defendant's description, along with two other individuals, carry large amounts of household "stuff" to the green SUV. At a subsequent traffic stop, it was discovered that the vehicle contained items that were stolen from McClure's neighbor's house. As a result, it is clear that the evidence does not preponderate against the verdict and, instead, firmly establishes that defendant is guilty of the charged crime.

Affirmed.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron