*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EMILIO MICHAEL CORTES-LLOYD,

Defendant-Appellant.

UNPUBLISHED
August 25, 2022

No. 358449
Genesee Circuit Court
LC No. 19-045017-FC

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

Defendant, Emilio Michael Cortes-Lloyd, appeals as of right following resentencing, on remand by this Court, for his jury-trial convictions of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to serve 300 to 750 months' imprisonment for second-degree murder and two years' imprisonment for felony-firearm, with credit for 1,682 days, to be served consecutively. We affirm.

## I. BACKGROUND

Defendant was found guilty of second-degree murder and felony-firearm on September 27, 2019, following a jury trial. He was originally sentenced to serve 375 to 750 months' imprisonment for second-degree murder and two years' imprisonment for felony-firearm, to be served consecutively. Defendant appealed. This Court affirmed defendant's convictions, however because the trial court erred in scoring defendant's sentencing guidelines, as conceded by the prosecutor, this Court vacated defendant's sentence for second-degree murder and remanded for resentencing. *People v Cortes-Lloyd*, unpublished per curiam opinion of the Court of Appeals, issued May 20, 2021 (Docket No. 351782), unpub at 5.

The background facts in this case were summarized by this Court in its previous opinion as follows:

This case arises out of a shooting that occurred in December 2016. The victim, who was 16 years old, agreed to purchase a gun from a friend of defendant,

-1-

and defendant drove the friend to the victim's house while a third person sat in the car's front passenger seat. As the trio approached the house, defendant stated that the victim had robbed a friend of his and said that he should have "smoked" him. The victim walked out to the car to discuss the transaction with defendant's friend. The victim turned around, apparently to speak to a person who was on the house's porch, and defendant shot him in the back before driving away. Shortly thereafter, the victim's mother found him on the ground and a bystander contacted emergency personnel. The following day, defendant's friend reported him to the police. [*Id.* at 1-2.]

Defendant's sentencing guidelines minimum range was originally assessed at 225 to 375 months. Following the adjustments made as a result of defendant's first appeal, defendant's sentencing guidelines minimum range was reassessed on remand at 180 to 300 months. The prosecution requested that the trial court depart from the sentencing guidelines and reinstate the original sentence, while defendant requested that the court sentence defendant below the top of the guidelines range. The resentencing judge, emphasizing that the judge at the original sentencing[1] had declined to depart from the guidelines range, again decided to give defendant a sentence at the top of the guidelines range. Accordingly, defendant was resentenced to serve 300 to 750 months' imprisonment for his second-degree murder conviction. This appeal followed.

## II. ANALYSIS

Defendant argues that his sentence of 300 to 750 months for second-degree murder, to be served consecutively with two years for felony-firearm, is disproportionate to the seriousness of the circumstances surrounding the offense. We disagree.

"[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks and citation omitted). "The trial court's fact-finding at sentencing is reviewed for clear error." *People v Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019).

"[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017) (quotation marks and citation omitted). The sentencing guidelines are no longer mandatory and are now advisory; however, "they remain a highly relevant consideration" and the trial courts must continue to consult them. *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). The sentencing "guidelines embody the principle of proportionality . . ." *Dixon-Bey*, 321 Mich App at 524. For that reason, when a criminal defendant is sentenced in accordance with the guidelines, this Court presumes that the sentence was reasonable and proportionate. *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). Accordingly, if the sentence was within the guidelines range, this Court "shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing

---

[1] Defendant was resentenced by a different judge on remand because the original judge changed divisions in the court while the first appeal was pending.

guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10).

Defendant first argues that MCL 769.34(10) should be held invalid in light of the Supreme Court's decision in *Lockridge* that the sentencing guidelines are no longer mandatory. We disagree.

Defendant's argument has repeatedly been rejected by this Court after the *Lockridge* decision. In *People v Schrauben*, 314 Mich App 181, 195-196; 886 NW2d 173 (2016), the defendant's guidelines range was zero to 17 months' imprisonment, and the defendant was given a minimum sentence of 16 months' imprisonment. This Court held that it "*must* affirm the sentence" because "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Id*. at 196 (emphasis added). This Court noted that "*Lockridge* did not alter or diminish MCL 769.34(10)." *Id*. at 196 n 1. Subsequently, in *People v Anderson*, 322 Mich App 622, 636-637; 912 NW2d 607 (2018), this Court cited *Schrauben* and again held that when a defendant is sentenced within the guidelines, this Court must affirm "unless there was an error in the scoring or the trial court relied on inaccurate information." Finally, in *People v Posey*, 334 Mich App 338, 356; 964 NW2d 862 (2020), this Court was once again presented with an argument that MCL 769.34(10) was inconsistent with *Lockridge*. This Court, again citing *Schrauben*, reaffirmed the validity of MCL 769.34(10). *Id*. at 356-357. Defendant suggests that this Court could convene a special conflict panel pursuant to MCR 7.215(J) to consider whether *Schrauben*, *Anderson*, and *Posey* conflict with *Lockridge*; however, we specifically declined to declare a conflict in *Posey*, 334 Mich App at 357, and we again decline to do so in this case.[2]

Defendant also argues that unusual circumstances surrounding this case render his sentence disproportionate. We disagree.

"A sentence within the guidelines range is presumptively proportionate," and "[i]n order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (quotation marks and citation omitted). Defendant asserts three unusual circumstances that render his sentence disproportionate. First, defendant asserts that his "prior record is not what you would expect for someone convicted of second-degree murder." Defendant does not explain what the expected prior record for a person

---

[2] In *People v Ames*, 501 Mich 1026 (2018), our Supreme Court ordered oral argument on the application to consider if leave should be granted to determine whether *Lockridge* invalidated MCL 769.34(10). However, following oral argument, the Supreme Court was not persuaded to review the issue. *People v Ames*, 504 Mich 599 (2019). The Supreme Court has again ordered oral argument on an application for leave to appeal to determine whether to review this issue in *People v Posey*, 508 Mich 940; 964 NW2d 362 (2021) (Docket No. 162373). "The filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)(2).

convicted of second-degree murder would be, nor does he put forth any authority supporting his assertion that his criminal record is so unusual as to warrant a more lenient sentence. Moreover, defendant's criminal record was considered pursuant to the sentencing guidelines when his recommended range was calculated. According to his presentence investigation report (PSIR), the accuracy of which is not disputed, defendant was adjudicated as a juvenile for carrying a concealed weapon in 2012, and he was convicted of domestic assault in 2015.

Next, defendant argues that his "substance abuse is minimal although he admitted that he was under the influence of marijuana at the time of the offense." However, it is not clear how defendant's avoidance of major substance abuse has any bearing on his sentence for second-degree murder, and defendant has failed to make such a connection for this Court. "Defendant may not leave it to this Court to search for a factual basis to sustain or reject his position." *People v Norman*, 184 Mich App 255, 260; 457 NW2d 136 (1990). Finally, defendant argues that the resentencing judge did not "individualize" his sentence because the resentencing judge "decided to impose a minimum sentence at the top of the recommended minimum sentencing range because the original sentencing judge had done the same thing." We think it was reasonable for the resentencing judge to acknowledge that the original sentencing judge, who presided over the jury trial, had a better grasp of the severity of the offense. This does not mean defendant did not receive an individualized sentence. Moreover, it is undisputed that the scoring of defendant's guidelines was specific to him because the resentencing judge reviewed the PSIR and the letters in support for defendant, heard and considered defendant's allocution, and also heard the statements from those who spoke on behalf of the victim. Therefore, we conclude defendant did receive an individualized sentence.

Affirmed.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett